IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Linda A. Orphal, individually and on behalf of similarly-situated past and present employees of Senior Services Associates, Inc., | ) ) ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) | Case No. 17 CV 3104 |
| Senior Services Associates, Inc., and Bette Schoenholtz, individually, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Linda A. Orphal, individually and on behalf of similarly-situated past and present employees of Senior Services Associates, Inc., by and through her attorney, James T. Harrison, and complaining of the Defendants Senior Services Associates, Inc. and Bette Schoenholtz, individually, states and alleges as follows:

### Jurisdiction

1.      Plaintiff's complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., the Portal-to-Portal Pay Act, 29 U.S.C. §251 et seq., the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 et seq., and the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq. The Court has original jurisdiction over Plaintiff's Fair Labor Standards Act and Portal-to-Portal Pay Act claims pursuant to 28 U.S.C. § 1331 – federal question jurisdiction. The Court has pendent jurisdiction over Plaintiff's Illinois Wage Payment and Collection Act claims, and Plaintiff's Illinois Minimum Wage Law claims pursuant to 28 U.S.C. § 1367 – supplemental jurisdiction.

1

2.      Plaintiff's Complaint contains seven counts.  Count I of Plaintiff's Complaint arises out of Defendants' failure to pay Plaintiff's wages in lawful money of the United States, in violation of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/4.  Count II of Plaintiff's Complaint arises out of Defendants' failure to pay wages for all hours worked, in violation of the Illinois Minimum Wage Law, 820 ILCS § 105/4(a)(1).  Count III of Plaintiff's Complaint arises out of Defendants' failure to pay wages for all hours worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 215.  Count IV arises under the Portal-to-Portal Act, 29 U.S.C. § 251 et seq., and seeks additional damages for Defendants' lack of good faith and willful violation of the Fair Labor Standards Act in Count III.  Count V arises out of Defendants' failure to pay overtime compensation at the rate of one and one half times the employee's normal hourly rate of pay for hours worked in excess of 40 in a workweek, in violation of the Minimum Wage Law, 820 ILCS § 105/4a(1).  Count VI arises out of Defendants' failure to pay overtime compensation at the rate of one and one half times the employee's normal hourly rate of pay for hours worked in excess of 40 in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).  Count VII arises under the Portal-to-Portal Act, 29 U.S.C. § 251 et seq., and seeks additional damages for Defendants' lack of good faith and willful violation of the Fair Labor Standards Act in Count VI.

## Venue

3.      Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, inasmuch as the Defendants' principle place of business is located at 101 Grove Street, in the City of Elgin, County of Kane, which is contained within the Eastern Division of the Northern District of Illinois.

## Parties

2

4.     At all times relevant hereto, the Plaintiff, Linda A. Orphal, was an adult resident of the County of McHenry, State of Illinois. At all times relevant hereto, the Plaintiff was employed by the Defendant performing duties integral and indispensable to Defendant SSAI's business.

5.     At all times relevant hereto, the other unnamed plaintiffs, known and unknown, (hereinafter referred to as "similarly situated plaintiffs") are past and/or present employees who worked/work for the Defendant SSAI performing duties integral and indispensable to Defendant SSAI's business.

6.     At all times relevant hereto, the Defendant Senior Services Associates, Inc. (hereinafter referred to as "SSAI") was a not-for-profit corporation organized under the laws of the State of Illinois with its principle place of business located at 101 S. Grove Street, Elgin, Illinois.

7.     At no time relevant hereto, was the Defendant SSAI a public agency.

8.     At all times relevant hereto, the Defendant SSAI had employees engaged in commerce.

9.     At all times relevant hereto, the Defendant SSAI had annual gross business revenues in excess of $500,000 for the three year period prior to the date of the instant action.

10.     At all times relevant hereto, the Defendant SSAI was an enterprise engaged in commerce.

11.     At all times relevant hereto, the Defendant Bette Schoenholtz was an adult resident of the City of Yorkville, Illinois, and was employed as the Executive Director of the Defendant SSAI.

12.     At all times relevant hereto, the Defendant Schoenholtz was a person acting directly or indirectly in the interest of SSAI, an employer, in relation to SSAI employees, including the Plaintiff.

13.     At all times relevant hereto, the Defendant Schoenholtz was responsible for and involved in the day-to-day operations of the Defendant SSAI and had authority to 1) hire and fire employees; 2) direct and supervise employee job functions; 3) authorize and/or sign on the business checking and payroll accounts; and 4) participate in decisions regarding employee compensation and capital expenditures.

**Facts**

14.     From October 6, 2015 to January 12, 2017, Plaintiff was employed by the Defendant SSAI in the position of Development Director.

15.     Plaintiff was hired by SSAI to work a 30-hour workweek (normal workweek) at an hourly wage of $24.00 per hour; Plaintiff was paid by SSAI every two weeks or bi-weekly (the pay period).

16.     At all times relevant hereto, the normal workweek for SSAI employees varied among full-time and part-time employees, and depended on the number of hours that the employee was hired to work.

17.     Throughout the period of employment by the Defendant SSAI, Plaintiff and similarly situated plaintiffs frequently worked additional hours beyond their normal workweek and worked overtime hours in excess of 40 hours in a workweek.

18.     At all times relevant hereto, the Plaintiff and similarly situated plaintiffs were subject to the wage policies and practices implemented, maintained, and administered by the Defendants.

19.    At all times relevant hereto, the Defendants implemented, maintained, and administered wage policies and practices that utilized a compensatory time system in lieu of the payment of cash wages to SSAI' employees, including the Plaintiff and similarly situated plaintiffs, for hours worked beyond the normal workweek and for overtime hours worked in excess of 40 hours in a workweek.

20.    Under the Defendants' compensatory time system:

a.    Wages for hours Plaintiff and similarly situated plaintiffs worked beyond their normal workweek, and wages for overtime hours worked in excess of 40 hours in a workweek, were involuntarily converted into compensatory time, at the employee's normal hourly rate of pay, and maintained in an account created and administered by the Defendants.

b.    Compensatory time for Plaintiff and similarly situated plaintiffs was accumulated up to a maximum of 20 hours.

c.    Plaintiff's and similarly situated plaintiffs' accumulated compensatory time was carried-over beyond the pay period in which it was earned.

d.    Compensatory time was applied at Plaintiff's and similarly situated plaintiffs' normal hourly rate of pay for all hours worked in excess of the employee's normal workweek and for all overtime hours worked, up to a maximum of 20 hours.

e.    Plaintiff and similarly situated plaintiffs whose compensatory time accounts had already accumulated 20 hours were not compensated for additional hours worked beyond their normal workweek or for overtime hours worked.

**Count I**
**Wage Payment and Collection Act**
**820 ILCS § 115/4**
**Failure to Pay Wages in Lawful Money**

21-40. Plaintiff adopts by reference thereto and incorporates fully herein, paragraphs 1-20 of Plaintiff's Complaint as paragraphs 21-40 of Count I herein.

41.    Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/4, Count I of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count I.

42.    At all times relevant hereto, the Defendants were Plaintiff's "employer" within the meaning of the Wage Payment and Collection Act, 820 ILCS § 115/2.

43.    At all time relevant hereto, the Plaintiff Linda A. Orphal was an "employee" of the Defendants within the meaning of the Wage Payment and Collection Act, 820 ILCS § 115/2.

44.    Pursuant to the Wage Payment and Collection Act, 820 ILCS § 115/4, the Defendants were required to pay Plaintiff's wages in lawful money of the United States.

45.    Defendants failed to pay Plaintiff's wages in lawful money of the United States.

46.    Defendants violated the Wage Payment and Collection Act by failing to pay Plaintiff's wages in lawful money of the United States.

47.    As a direct and proximate result of the Defendants' failure to pay Plaintiff's wages in lawful money of the United States, Plaintiff suffered damages of a pecuniary nature.

48.    Defendants' conduct complained of herein was committed with knowledge that the compensation policy and practice at issue were in violation of the statute alleged, or with reckless disregard for whether or not the policy and practices were in violation of the statute.

49.    The Defendants' failure to pay Plaintiff's wages in lawful money of the United States was willful.

50.     As a direct and proximate result of the Defendants' failure to pay Plaintiff's wages in lawful money, the Defendant is liable to the Plaintiff for civil damages and other relief for the violation of Plaintiff's rights under the Wage Payment and Collection Act.

WHEREFORE, for the foregoing reasons, Plaintiff Linda A. Orphal respectfully prays this Honorable Court grant judgment in her favor and against the Defendants SSAI and Bette Schoenholtz, as follows:

a)     Order Defendants to pay in lawful money of the United States all unpaid wages and unpaid overtime compensation of the Plaintiff, pursuant to 820 ILCS § 115/14(a);

b)     Award Plaintiff damages of 2% per month of the amount of such underpayment for each month following the date of payment during which such underpayments remained unpaid, pursuant to 820 ILCS § 115/14(a);

c)     Order Defendants to pay Plaintiff's reasonable attorney fees and costs incurred in the instant action, pursuant to 820 ILCS § 115/14(a);

d)     Such other and further relief as the Court deems just and proper;

### Count II
### Minimum Wage Law
### 820 ILCS § 105/4(a)(1)
### Failure to Pay Wages

51-70. Plaintiff adopts by reference thereto and incorporates fully herein, paragraphs 1-20 of Plaintiff's Complaint as paragraphs 51-70 of Count II herein.

71.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., Count II of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count II.

7

72.     At all times relevant hereto, the Defendants were Plaintiff's "employer" within the mean2ng of the Minimum Wage Law, 820 ILCS § 105/3(c).

73.     At all time relevant hereto, the Plaintiff, Linda A. Orphal, was an "employee" of the Defendants within the meaning of the Minimum Wage Law, 820 ILCS § 105/3(d).

74.     Pursuant to the Minimum Wage Law, 820 ILCS § 105/4(a)(1), the Defendants were required to pay Plaintiff for all hours worked.

75.     Defendants failed to pay Plaintiff for all hours worked.

76.     Defendants violated the Minimum Wage Law, 820 ILCS § 105/4(a)(1), by failing to pay Plaintiff for all hours worked.

77.     As a direct and proximate result of the Defendants' failure to pay Plaintiff for all hours worked, Plaintiff suffered damages of a pecuniary nature.

78.     Defendants' conduct complained of herein was committed with knowledge that the compensation policy and practice at issue were in violation of the statute alleged, or with reckless disregard for whether or not the policy and practices were in violation of the statute.

79.     The Defendants' failure to pay Plaintiff for all hours worked was willful.

80.     As a direct and proximate result of the Defendants' failure to pay Plaintiff's wages for all hours worked, the Defendant is liable to the Plaintiff for civil damages and other relief for the violation of Plaintiff's rights under the Illinois Minimum Wage Law.

WHEREFORE, for the foregoing reasons, Plaintiff Linda A. Orphal respectfully prays this Honorable Court grant judgment in her favor and against the Defendants SSAI and Bette Schoenholtz, as follows:

a)      Order Defendants to pay in lawful money of the United States Plaintiff's unpaid minimum wages and unpaid overtime, pursuant to 820 ILCS § 105/12(a);

8

b)      Award Plaintiff damages of 2% per month of the amount of such underpayment for each month following the date of payment during which such underpayments remained unpaid, pursuant to 820 ILCS § 105/12(a);

c)      Order Defendants to pay Plaintiff's reasonable attorney fees and costs incurred in the instant action, pursuant to 820 ILCS § 105/12(a);

d)      Such other and further relief as the Court deems just and proper;

**Count III**
**Fair Labor Standards Act**
**Failure Pay Minimum Wage**
**29 U.S.C. § 206**

81-100.      Plaintiff adopts by reference thereto and incorporates fully herein, paragraphs 1-20 of Plaintiff's Complaint as paragraphs 81-100 of Count III herein.

101.      Pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b), Count III of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of Plaintiff and other similarly situated plaintiffs who have been damaged by Defendants' failure to comply with 29 U.S.C. 201 et seq., and 29 U.S.C. 251 et seq.

102.      The claims brought herein by the named Plaintiff are identical or similar to the claims of other similarly situated past and present employees who were subject to the non-compliant policies and practices alleged herein.

103.      The non-compliant practices alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees of the Defendants. Those past and present employees are entitled to receive Notice of these proceedings and afforded the opportunity to join their individual claims.

104.    At all times relevant hereto, the Defendants were the "employer" of the Plaintiff and similarly situated plaintiffs within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

105.    At all time relevant hereto, the Plaintiff, Linda A. Orphal, and similarly situated plaintiffs, were "employees" of the Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

106.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206(a), the Defendants were required to compensate the Plaintiff and similarly situated plaintiffs for all hours worked under 40 hours in a workweek.

107.    Defendants failed to compensate Plaintiff and similarly situated plaintiffs for all hours Plaintiff and similarly situated plaintiffs worked under 40 hours in a workweek.

108.    Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 215(a)(2), by failing to compensate Plaintiff and similarly situated plaintiffs for all hours that Plaintiff and similarly situated plaintiffs worked under 40 hours in a workweek, pursuant to 29 U.S.C. § 206(a).

109.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), the Defendants were required to pay Plaintiff and similarly situated plaintiffs for all overtime hours Plaintiff and similarly situated plaintiffs worked in excess of 40 hours in a workweek.

110.    Defendants failed to compensate Plaintiff and similarly situated plaintiffs for all overtime hours Plaintiff and similarly situated plaintiffs worked over 40 hours in a workweek.

111.    Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 215(a)(2), by failing to compensate Plaintiff and similarly situated plaintiffs for all overtime hours that Plaintiff and similarly situated plaintiffs worked pursuant to 29 U.S.C. § 207(a)(1).

112.     As a direct and proximate result of the Defendants' failure to pay Plaintiff and similarly situated plaintiffs for all hours worked, Plaintiff and similarly situated plaintiffs suffered damages of a pecuniary nature.

113.     Defendants' conduct complained of herein was committed with knowledge that the compensation policy and practice at issue were in violation of the statute alleged, or with reckless disregard for whether or not the policy and practices were in violation of the statute.

114.     The Defendants' failure to pay Plaintiff and similarly situated plaintiffs for all hours worked was willful.

115.     There was no good faith basis or reasonable grounds for Defendants to believe that their failure to pay Plaintiff and similarly situated plaintiffs for all hours worked was not a violation of the Fair Labor Standards Act.

116.     As a direct and proximate result of the Defendants' failure to pay Plaintiff's and similarly situated plaintiffs' wages for all hours worked, the Defendant is liable to the Plaintiff and similarly situated plaintiffs for civil damages and other relief for the violation of Plaintiff's rights under the Fair Labor Standards Act.

WHEREFORE, for the foregoing reasons, Plaintiff Linda A. Orphal respectfully prays this Honorable Court grant judgment in her favor and against the Defendants SSAI and Bette Schoenholtz, as follows:

a)       Order Defendants to pay Plaintiff's and similarly situated plaintiff's unpaid minimum wages pursuant to 29 U.S.C. § 216(b);

b)       Order Defendants to pay Plaintiff's and similarly situated plaintiffs' unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

11

c) Award liquidated damages and in an equal amount to Plaintiff's and similarly situated plaintiffs' unpaid minimum wages and Plaintiff's and similarly situated plaintiffs' unpaid overtime compensation, pursuant to 29 U.S.C. § 216(b);

d) Order Defendants to pay Plaintiff's and similarly situated plaintiffs' reasonable attorney fees and costs incurred in the instant action, pursuant to 29 U.S.C. § 216(b);

e) Such other and further relief as the Court deems just and proper;

**Count IV**
**Portal to Portal Pay Act**
**29 U.S.C. § 251 et seq.**
**Willful Violation of the Fair Labor Standards Act**

117-136. Plaintiff adopts by reference thereto and incorporates fully herein, paragraphs 1-20 of Plaintiff's Complaint as paragraphs 117-136 of Count IV herein.

137-152. Plaintiff adopts by reference thereto and incorporates fully herein, paragraphs 101-116 of Count III of Plaintiff's Complaint as paragraphs 137-152 of Count IV herein.

153. Pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b), Count IV of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of Plaintiff and other similarly situated plaintiffs who have been damaged by Defendants' failure to comply with 29 U.S.C. 201 et seq., and 29 U.S.C. 251 et seq.

155. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

155. The non-compliant practices alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of

past and present employees of the Defendants. Those past and present employees are entitled to receive Notice of these proceedings and afforded the opportunity to join their individual claims.

156. Defendants' conduct complained of herein was committed with knowledge that the compensation policy and practice at issue were in violation of the statutes alleged, or with reckless disregard for whether or not the policy and practices were in violation of those statutes.

157. The Defendants' failure to pay Plaintiff and similarly situated plaintiffs for all hours worked was a willful violation.

158. The Defendants had no good faith belief or reasonable grounds for believing that their failure to pay Plaintiff and similarly situated plaintiffs for all hours worked was not a violation of the Fair Labor Standards Act.

159. As a direct and proximate result of the Defendants' failure to pay Plaintiff's and similarly situated plaintiffs' wages for all hours worked, the Defendant is liable to the Plaintiff and similarly situated plaintiffs for civil damages and other relief for the violation of Plaintiff's rights under the Fair Labor Standards Act.

WHEREFORE, for the foregoing reasons, Plaintiff Linda A. Orphal respectfully prays this Honorable Court grant judgment in her favor and against the Defendants SSAI and Bette Schoenholtz, as follows:

a) Find that the Defendants' conduct was a willful violation of the Fair Labor Standards Act and grant Plaintiff and similarly situated plaintiffs a third year of limitations pursuant to 29 U.S.C. § 255(a);

b) Pursuant to 29 U.S.C. § 260, find that the Defendants had no good faith belief or reasonable grounds for believing their acts or omissions were not a violation of the Fair Labor Standards Act, and grant Plaintiffs and similarly situated plaintiffs liquidated damages pursuant

to 29 U.S.C. § 216(b), and in an equal amount to Plaintiff's and similarly situated plaintiffs' unpaid minimum wages and unpaid overtime compensation;

     c)     Order Defendants to pay Plaintiff's and similarly situated plaintiffs' reasonable attorney fees and costs incurred in the instant action, pursuant to 29 U.S.C. § 216(b);

     d)     Such other and further relief as the Court deems just and proper;

**Count V**
**Minimum Wage Law**
**820 ILCS § 105/4a(1)**
**Failure to Pay Overtime Rate**

160-179.     Plaintiff adopts by reference thereto and incorporates fully herein, paragraphs 1-20 of Plaintiff's Complaint as paragraphs 160-179 of Count V herein.

180.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/4a(1), Count V of this action is brought by Plaintiff to recover unpaid overtime compensation earned on or before the date three (3) years prior to the filing of this action. Each and every plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

181.     At all times relevant hereto, the Defendants were Plaintiff's "employer" within the meaning of the Minimum Wage Law, 820 ILCS § 105/3(c).

182.     At all time relevant hereto, the Plaintiff, Linda A. Orphal, was an "employee" of the Defendants within the meaning of the Minimum Wage Law, 820 ILCS § 105/3(d).

183.     Pursuant to the Minimum Wage Law, 820 ILCS § 105/4a(1), the Defendants were required to pay Plaintiff one and one half times the employee's normal hourly rate of pay for all overtime hours worked in excess of 40 hours in a workweek.

184.     Defendants failed to pay Plaintiff one and one half times the employee's normal hourly rate of pay for all overtime hours worked in excess of 40 hours in a workweek.

14

185. Defendants violated the Minimum Wage Law, 820 ILCS § 105/4a(1), by failing to pay Plaintiff one and one half times the employee's normal hourly rate of pay for all overtime hours worked in excess of 40 hours in a workweek.

186. As a direct and proximate result of the Defendants' failure to pay Plaintiff one and one half times the employee's normal hourly rate of pay for all overtime hours worked in excess of 40 hours in a workweek, Plaintiff suffered damages of a pecuniary nature.

187. Defendants' conduct complained of herein was committed with knowledge that the compensation policy and practice at issue were in violation of the statute alleged, or with reckless disregard for whether or not the policy and practices were in violation of the statute.

188. The Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one half times the employee's normal hourly rate of pay for all hours worked in excess of 40 hours in a workweek was willful.

189. As a direct and proximate result of the Defendants' failure to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours in a workweek, the Defendant is liable to the Plaintiff for civil damages and other relief for the violation of Plaintiff's rights under the Illinois Minimum Wage Law.

WHEREFORE, for the foregoing reasons, Plaintiff Linda A. Orphal respectfully prays this Honorable Court grant judgment in her favor and against the Defendants SSAI and Bette Schoenholtz, as follows:

a) Order Defendants to pay in lawful money of the United States, Plaintiff's unpaid overtime compensation, pursuant to 820 ILCS § 105/12(a);

b) Award damages of 2% per month of the amount of such underpayment for each month following the date of payment during which such underpayments remained unpaid, pursuant to 820 ILCS § 105/12(a);

c) Order Defendants to pay Plaintiff's reasonable attorney fees and costs incurred in the instant action, pursuant to 820 ILCS § 105/12(a);

d) Such other and further relief as the Court deems just and proper;

**Count VI**
**Fair Labor Standards Act**
**29 U.S.C. § 207(a)(1)**
**Failure to Pay Overtime Rate**

190-209. Plaintiff adopts by reference thereto and incorporates fully herein, paragraphs 1-20 of Plaintiff's Complaint as paragraphs 190-209 of Count VI herein.

210. Pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b), Count VI of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of Plaintiff and other similarly situated plaintiffs who have been damaged by Defendants' failure to comply with 29 U.S.C. 201 et seq., and 29 U.S.C. 251 et seq.

211. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

212. The non-compliant practices alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees of the Defendants. Those past and present employees are entitled to receive Notice of these proceedings and afforded the opportunity to join their individual claims.

213.    At all times relevant hereto, the Defendants were the "employer" of the Plaintiff and similarly situated plaintiffs, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

214.    At all time relevant hereto, the Plaintiff, Linda A. Orphal, and similarly situated plaintiffs, were "employees" of the Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

215.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), the Defendants were required to pay Plaintiff and similarly situated plaintiffs at the overtime rate of one and one half times the employee's normal hourly rate of pay for all hours Plaintiff and similarly situated plaintiffs worked in excess of 40 hours in a workweek.

216.    Defendants failed to compensate Plaintiff and similarly situated plaintiffs at the overtime rate of one and one half times the employee's normal hourly rate of pay for all hours worked in excess of 40 hours in a workweek.

217.    Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 215(a)(2), by failing to compensate Plaintiff and similarly situated plaintiffs at the overtime rate of one and one half times the employee's normal hourly rate of pay for all hours worked in excess of 40 hours in a workweek pursuant to 29 U.S.C. § 207(a)(1).

218.    As a direct and proximate result of the Defendants' failure to pay Plaintiff and similarly situated plaintiffs at the overtime rate of one and one half times the employee's normal hourly rate of pay for all hours worked in excess of 40 hours in a workweek, Plaintiff and similarly situated plaintiffs suffered damages of a pecuniary nature.

219.   Defendants' conduct complained of herein was committed with knowledge that the compensation policy and practice at issue were in violation of the statute alleged, or with reckless disregard for whether or not the policy and practices were in violation of the statute.

220.   The Defendants' failure to pay Plaintiff and similarly situated plaintiffs at the overtime rate of one and one half times the employee's normal hourly rate of pay for all hours worked in excess of 40 hours in a workweek was willful.

221.   There was no good faith basis or reasonable grounds for Defendants to believe that their failure to pay Plaintiff and similarly situated plaintiffs at the overtime rate of one and one half times the employee's normal hourly rate of pay for all hours worked in excess of 40 hours in a workweek was not a violation of the Fair Labor Standards Act.

222.   As a direct and proximate result of the Defendants' failure to pay Plaintiff overtime compensation for hours worked in excess of 40 hours in a workweek, the Defendant is liable to the Plaintiff for civil damages and other relief for the violation of Plaintiff's rights under the Fair Labor Standards Act.

WHEREFORE, for the foregoing reasons, Plaintiff Linda A. Orphal respectfully prays this Honorable Court grant judgment in her favor and against the Defendants SSAI and Bette Schoenholtz, as follows:

a)   Order Defendants to pay Plaintiff's and similarly situated plaintiffs' unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b)   Award liquidated damages and in an equal amount to Plaintiff's and similarly situated plaintiffs' unpaid overtime compensation, pursuant to 29 U.S.C. § 216(b);

c)   Order Defendants to pay Plaintiff's and similarly situated plaintiffs' reasonable attorney fees and costs incurred in the instant action, pursuant to 29 U.S.C. § 216(b);

18

d)      Such other and further relief as the Court deems just and proper;

**Count VII**
**Portal to Portal Pay Act**
**29 U.S.C. § 251 et seq.**
**Willful Violation of the Fair Labor Standards Act**

223-242.      Plaintiff adopts by reference thereto and incorporates fully herein, paragraphs 1-20 of Plaintiff's Complaint as paragraphs 223-242 of Count VII herein.

243-255.      Plaintiff adopts by reference thereto and incorporates fully herein, paragraphs 210-222 of Count VI of Plaintiff's Complaint as paragraphs 243-255 of Count VII herein.

256.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b), Count VII of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of Plaintiff and other similarly situated plaintiffs who have been damaged by Defendants' failure to comply with 29 U.S.C. 201 et seq., and 29 U.S.C. 251 et seq.

257.     The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

258.     The non-compliant practices alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees of the Defendants. Those past and present employees are entitled to receive Notice of these proceedings and afforded the opportunity to join their individual claims.

259.     Defendants' conduct complained of herein was committed with knowledge that the compensation policy and practice at issue were in violation of the statutes alleged, or with reckless disregard for whether or not the policy and practices were in violation of those statutes.

19

260.    The Defendant's failure to pay Plaintiff and similarly situated plaintiffs at the overtime rate of one and one half times the employee's normal hourly rate of pay for all hours Plaintiff and similarly situated plaintiffs worked in excess of 40 hours in a workweek was a willful violation.

261.    The Defendants had no good faith belief or reasonable grounds for believing that their failure to pay Plaintiff and similarly situated plaintiffs at the overtime rate of one and one half times the employee's normal hourly rate of pay for all hours worked in excess of 40 hours in a workweek, was not a violation of the Fair Labor Standards Act.

262.    As a direct and proximate result of the Defendants' failure to pay Plaintiff's and similarly situated plaintiffs' at the overtime rate of one and one half times the employee's normal hourly rate of pay for all hours worked in excess of 40 hours in a workweek, the Defendant is liable to the Plaintiff and similarly situated plaintiffs for civil damages and other relief for the violation of Plaintiff's rights under the Fair Labor Standards Act.

WHEREFORE, for the foregoing reasons, Plaintiff Linda A. Orphal respectfully prays this Honorable Court grant judgment in her favor and against the Defendants SSAI and Bette Schoenholtz, as follows:

a)    Find that the Defendants' conduct was a willful violation of the Fair Labor Standards Act and grant Plaintiff and similarly situated plaintiffs a third year of limitations pursuant to 29 U.S.C. § 255(a);

b)    Find that the Defendants had no good faith belief or reasonable grounds for believing their acts or omissions were not a violation of the Fair Labor Standards Act pursuant to 29 U.S.C. § 260, and grant Plaintiffs and similarly situated plaintiffs liquidated damages

pursuant to 29 U.S.C. § 216(b), and in an equal amount to Plaintiff's and similarly situated plaintiffs' unpaid minimum wages and unpaid overtime compensation;

      c)     Order Defendants to pay Plaintiff's and similarly situated plaintiffs' reasonable attorney fees and costs incurred in the instant action, pursuant to 29 U.S.C. § 216(b);

      d)     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/James T. Harrison

James T. Harrison
Attorney for Plaintiff(s)

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
815-338-7773
jharrison@harrisonlawoffices.com
Atty. No. 6207020

STATE OF ILLINOIS                )
                                 ) ss
COUNTY OF MCHENRY                )

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in the attached Complaint are true and correct except as to matters herein stated to be on information and belief and to such matters, the undersigned certifies as aforesaid that she believes the same to be true.

_____
Linda A. Orphal

SUBSCRIBED AND SWORN TO before me
this 25th day of April, 2017.

_____
NOTARY PUBLIC

THOMAS A DICKEY
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
May 21, 2018

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, Illinois 60098
Office: (815) 338-7773
Fax: (815) 338-7738
Email: jharrison@harrisonlawoffices.com